## KREMER v. HARSEL.

(Court of Appeals of District of Columbia. Submitted January 10, 1923. Decided April 3, 1923.)

### No. 1539.

1. **Patents ⬤⟹91 (3)—Party applying after patent issues to another must prove case beyond reasonable doubt.**

     Where the application of the junior party to interference proceedings was filed after the patent issued to the other party, it is incumbent on him to establish his right to the invention beyond a reasonable doubt.

2. **Patents ⬤⟹91 (4)—Junior applicant held to have proved priority beyond reasonable doubt.**

     In interference proceedings, where the junior applicant filed after patent had issued to the senior, proof that the junior had conceived the invention which related to a product and a process before the earliest date to which the senior party was entitled, with proof that the junior's assignee had filed an application on a machine which disclosed the process in issue before the senior party's earliest date, *held* to sustain a decision awarding priority to the junior applicant.

3. **Patents ⬤⟹91 (1)—Application in regular form raises presumption applicant is inventor.**

     An application for a patent in regular form raises a presumption that the applicant is the inventor, and entitles him to the invention, where there is no evidence to overcome such presumption.

Appeal from the Commissioner of Patents.

Interference proceedings between Franklin W. Kremer and William B. Harsel. From a decision of the Patent Office, awarding priority to the latter, the former appeals. Affirmed.

W. H. C. Clarke, of New York City, for appellant.

E. H. Parry and Robert F. Rogers, both of Washington, D. C., for appellee.

Before ROBB and VAN ORSDEL, Associate Justices, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority of invention to the party Harsel.

The issue is expressed in eight counts, of which the first and fourth, here reproduced, are sufficiently illustrative:

"1. As a new article of manufacture, a tire having the fabric worked down lengthwise of the warp threads on both sides of the median line of the tire."

"4. A method of manufacturing tires on a tire machine, which consists in working down one side of the tire in the direction lengthwise of the warp or tension threads, reversing the core and rotating it in the opposite direction, and spinning down the other side of the tire."

From an examination of these counts it is apparent that the gist of the invention resides in the tire and a process of making it, in which process the stitching tool works down the material on both sides of the median line of the tire in a direction lengthwise of the warp threads or cords, as they run from the median line of the tire    The decision

of the Examiners in Chief may be consulted for a detailed description of the invention.

[1] Kremer, the senior party and patentee, has taken no testimony, and therefore is restricted to his filing date of January 31, 1918; his patent having issued on April 23d following. Harsel's application was filed July 15, 1918, so that it was incumbent upon him to establish his case beyond a reasonable doubt. Harsel entered the employ of the Goodyear Tire & Rubber Company, of Akron, Ohio, in 1914, under a contract in which he agreed to assign to that company any invention he might make in connection with his employment. In conformity with that contract, he has assigned to the company his interest in this invention.

[2] The Examiners in Chief and the Assistant Commissioner have held that the invention was reduced to practice by Harsel in 1916, and, after a careful examination of the record, we are convinced of the correctness of that finding. It further appears that on January 12, 1918, the Goodyear Company, as assignee of James D. Thompson, filed an application on a tire machine, upon which patent No. 1,275,-794 was granted on August 13, 1918, and that this patent disclosed the process in issue here. It thus conclusively appears that the Goodyear Company was in possession of this invention prior to the earliest date available to Kremer.

[3] It is contended, however, that it has not been clearly proven that Harsel was the inventor. In other words, the contention is made that some person other than Harsel may have been the real inventor. But Harsel's application is in regular form, and, as found by the tribunals of the Patent Office, no evidence has been offered to overcome the presumption arising therefrom. Indeed, the testimony carefully reviewed by the Examiners in Chief is not only consistent with Harsel's claim, but inconsistent with any other.

The decision is affirmed.

Affirmed.